## Exhibit 1

### Stipulation

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| SHAPEWAYS, INC., *et al.*,[1] | Case No. 24-11488 (BLS) |
| Debtors. | (Jointly Administered) |

**STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND**
**IN-MOLD SOLUTIONS, LLC REGARDING**
**PAYMENT OF POSTPETITION RENT**

This stipulation (the "Stipulation") is made and entered into by and among Alfred T. Giuliano, chapter 7 trustee (the "Trustee") for the estates of the above-captioned debtors (collectively, the "Debtors"), and In-Mold Solutions, LLC ("In-Mold" and together with the Trustee, the "Parties").

**RECITALS**

WHEREAS, on July 2, 2024, (the "Petition Date") each of the Debtors filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Trustee was appointed as chapter 7 trustee in these cases on July 5, 2024.

WHEREAS, before the Petition Date, on May 7, 2019, Debtor Linear Mold & Engineering, LLC ("Linear") and In-Mold entered into a commercial, non-residential lease agreement (the "Lease") for the premises commonly known as 400 Parkland Drive, Charlotte, Michigan (the "Leased Premises") for a seven-year term.

---

[1]   The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Shapeways, Inc. (0993); Shapeways Holdings, Inc. (6494); and Linear Mold & Engineering, LLC (8925).

WHEREAS, Pursuant to the Lease, base monthly rent for the period of May 7, 2024 through May 6, 2025 (the "Current Period) owed by Linear AMS to In-Mold currently accrues at $45,833.33 per month ("Base Rent").

WHEREAS, pursuant to the Lease, Linear AMS owes In-Mold additional rent amounting to 1.5% of base rent (amounting to $687.50 for the Current Period) ("Additional Rent") on a monthly basis.

WHEREAS, monthly Base Rent and Additional Rent is due to In-Mold on the seventh of every month.

WHEREAS, In-Mold has asserted that certain postpetition amounts are due under terms of the Lease.

WHEREAS, on July 12, 2024, the Chapter 7 Trustee filed a Motion for Order Directing Joint Administration of Related Chapter 7 Cases for Procedural Purposes (the "Joint Administration Motion") [D.I. 17].  On August 7, 2024, the Court entered an order approving the Joint Administration Motion (the "Joint Administration Order") [D.I. 46].  The Joint Administration Order states that "[t]he Chapter 7 Cases are hereby consolidated for procedural purposes only and shall be jointly administered by the Court." See id.

WHEREAS, on August 29, 2024, the Trustee filed the *Motion of Alfred T. Giuliano, Chapter 7 Trustee, for Orders (A) Establishing Bidding Procedures in Connection With Sale of Debtors Assets and Authorizing Trustees Ability to Select Stalking Horse and Provide Bid Protections; (B) Approving the Form and Manner of Notices; (C) Scheduling a Sale Hearing; (D) Authorizing the Sale of the Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances; and (E) Granting Related Relief* [Docket No. 65] (the "Sale Motion").

WHEREAS, on September 6, 2024, the Court entered the *Order Establishing Bid Procedures in Connection With Sale of Debtors' Assets and Authorizing Trustee's Ability to Select Stalking Horse and Provide Bid Protections; (B) Approving the Form and Manner of*

*Notices; (C) Scheduling a Sale Hearing; and (D) Granting Related Relief* [Docket No. 75] (the "Bidding Procedures Order").

WHEREAS, on October 9, 2024, In-Mold filed the *In-Mold Solutions, LLC's Limited Objection to the Sale of Substantially All of the Debtors' Assets* [Docket No. 94] (the "Sale Objection").

WHEREAS, on October 9, 2024, In-Mold filed the *In-Mold Solutions, LLC's Motion for Entry of an Order (I) Compelling the Chapter 7 Trustee to Comply with his Obligations under 11 U.S.C. § 365(d)(3); (II) Compelling Payment of an Administrative Expense Claim Under 11 U.S.C. § 503(b); (III) Granting In-Mold Its Reasonable Attorneys' Fees Incurred Enforcing the Subject Lease; and (IV) Granting Other Related Relief* [Docket No. 96] (the "Motion to Compel").

WHEREAS, the Parties have negotiated this Stipulation in good faith and at arms' length.

WHEREAS, in consideration of the mutual covenants contained herein, it is stipulated and agreed among the Parties, subject to and conditioned upon approval of the Bankruptcy Court, as follows:

1. Within three (3) business days upon entry of an order approving this Stipulation, the Trustee shall pay to In-Mold by way of wire transfer, the sum of $261,038.31 (the "Rent Payment") for amounts owed under the Lease through October 1, 2024 with Base Rent and Additional Rent prepaid through the month ending October 31, 2024.

2. The Rent Payment shall be as an administrative expense claim under sections 365(d)(3) and 503(b)(1) of the Bankruptcy Code.

3. The Trustee shall continue to pay to In-Mold Base Rent and Additional Rent on the first of each month for the period up to and through January 31, 2025 and shall, in

accordance with the Lease, continue to pay other expenses accrued or invoiced up to and through January 31, 2025. The Trustee shall turn over possession of the Leased Premises to In-Mold free of debris and personal property and in broom clean condition on or before January 31, 2025, unless the parties otherwise agree to different conditions or a later turn over date. All such payments obligations required by this paragraph shall be an administrative expense claim under 11 U.S.C. § 365(d)(3) and 11 U.S.C. § 503(b)(1) of the Bankruptcy Code.

4.     Upon entry of an order approving this Stipulation, the Sale Objection and Motion to Compel are deemed resolved, provided however that In-Mold expressly reserves and preserves its right to seek at a later date an administrative claim pursuant to Sections 365(d)(3) and 503(b)(1) of the Bankruptcy Code for fees and costs incurred following the rejection of the Lease by the Trustee and In-Mold's reasonable attorneys' fees incurred following the Petition Date enforcing the Lease pursuant to Sections 365(d)(3) and 503(b)(1) of the Bankruptcy Code. Concurrently, the Trustee expressly reserves and preserves any defenses that he may raise to any such application described in this paragraph filed by In-Mold.

5.     Except as provided herein, nothing in this Stipulation is intended to be or shall be construed as: (i) an admission as to the validity of any claim against the Debtors' estates; (ii) a waiver of the Trustee's or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors' estates, or any waiver of the Trustee's rights to seek to assume, assume and assign, or reject the Lease; or (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder.

6.     Except for any prior approval by the Bankruptcy Court pursuant to the Bidding Procedures Order or other applicable provisions of the Bankruptcy Code that preempt state law, any liquidation of the Debtors' assets at the Leased Premises shall be conducted in accordance with the Lease and In-Mold specifically reserves its rights to seek damages if there is

a breach of the Lease or any damage to the Leased Premises during the sale of the Debtors'
assets or a subsequent liquidation.

7.     Nothing in this Stipulation shall create, nor is intended to create, any rights
in favor of or enhance the status of any claim held by any party.

8.     In executing this Stipulation, each of the Parties represents and warrants,
for itself, that:  (a) it does so with full knowledge of its available rights; (b) it is not relying and
has not relied upon any representations made by any person with regard to this Stipulation, other
than any written representations and agreements contained herein; (c) it has had available to it
such information as it or its counsel considered necessary to making an informed judgment
concerning this Stipulation; and (d) it has conducted such investigation as it or its counsel
deemed appropriate in connection with the matters that are the subject of this Stipulation.

9.     Neither the Stipulation nor any negotiations and writings in connection
with this Stipulation will in any way be construed as or deemed to be evidence of an admission
on behalf of any party regarding any claim or right that such party may have against the other
party.

10.     The Parties represent and warrant to each other that the signatories to this
Stipulation have the full power and authority to enter into this Stipulation.

11.     The Parties shall cooperate with one another to seek Bankruptcy Court
approval of this Stipulation, which shall be effective upon the Bankruptcy Court's entry of an
order approving this Stipulation.

12.     This Stipulation may be executed in identical counterparts, each of which
when so executed and delivered will constitute an original, but all of which taken together will
constitute one and the same instrument.  The exchange of copies of this Stipulation and of
signature pages by facsimile transmission or by other electronic transmission of a manual

signature (by portable data format (PDF) or other method that enables the recipient to reproduce a copy of the manual signature) will constitute effective execution and delivery of this Stipulation as to the Parties and may be used in lieu of the original Stipulation for all purposes.

13.     The Bankruptcy Court will retain jurisdiction to resolve any disputes or controversies arising from or relating to the interpretation of this Stipulation.

WHEREFORE, the undersigned have executed this Stipulation on behalf of the Parties hereto.

Dated: October 15, 2024

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Peter J. Keane (DE Bar No. 5503)
Brooke E. Wilson (CA Bar No. 354614)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email: bsandler@pszjlaw.com
        pkeane@pszjlaw.com
        bwilson@pszjlaw.com

*Counsel to Alfred T. Giuliano, Chapter 7 Trustee*

**PASHMAN STEIN WALDER HAYDEN, P.C.**

*/s/ David B. Stratton*
David B. Stratton (Bar No. 960)
824 North Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 592-6496
Email: dstratton@pashmanstein.com

-and-

David E. Sklar (admitted pro hac vice)
Court Plaza South, East Wing
21 Main Street, Suite 200
Hackensack, NJ 07601
Telephone: (201) 488-8200
Email: dsklar@pashmanstein.com

*Counsel to the In-Mold Solutions, LLC*