IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| SHAPEWAYS, INC., *et al.*,[1] | Case No. 24-11488 (BLS) |
| Debtors. | Jointly Administered |

Hearing Date: November 13, 2024 at 1:30 p.m. (ET)
Objection Deadline: November 6, 2024 at 4:00 p.m. (ET)

### MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, FOR ORDER AUTHORIZING THE DESTRUCTION, ABANDONMENT, OR OTHER DISPOSAL OF CERTAIN PROPERTY

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), hereby moves this Court (the "Motion"), for entry of an order, substantially in the form attached to this Motion as **Exhibit A**, pursuant to sections 105(a) and 554 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing, but not directing, the Trustee's abandonment, disposal, and/or destruction of certain molds left at the Debtors' manufacturing facilities that have not been claimed by any third party owners (collectively, the "Molds"). In support of the Motion, the Trustee respectfully represents as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Trustee confirms his consent pursuant to Local Rule

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Shapeways, Inc. (0993); Shapeways Holdings, Inc. (6494); and Linear Mold & Engineering, LLC (8925).

4895-2909-2848.1 31274.00001

9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 554 of the Bankruptcy Code and Bankruptcy Rule 6007.

### Background

4. On July 2, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (the "Cases"). The Trustee was appointed in these cases on July 5, 2024. The chapter 7 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

5. The Debtors were a leading 3D printing and manufacturing company. Prepetition, the Debtors have manufacturing facilities in Livonia and Charlotte, Michigan and in Eindhoven, the Netherlands. The Debtors made industrial-grade additive manufacturing and traditional manufacturing accessible by fully digitizing the end-to-end manufacturing process, and by providing a broad range of solutions utilizing 12 additive manufacturing technologies, 13 injection molding and computer numerical control manufacturing technologies and more than 120 materials and finishes.

6. The Livonia, Michigan facility is 17,250 square foot manufacturing facility that is subject to a lease that expires in March 2026, and the Charlotte, Michigan facility is a 100,000 square foot manufacturing facility that is subject to a lease that expires in April 2026.

7.      The Trustee filed a bid procedures motion [Docket No. 65] that was approved by the Court on September 6, 2024 [Docket No. 75] (the "Bid Procedures Order").  In accordance with the Bid Procedures Order, the Trustee is conducting a sale of all the Debtors' assets. The Trustee selected two winning bids – one bid for the Debtors' tangible assets from an auctioneer company and another separate bid for the Debtors' intellectual property assets.  *See* Docket No. 83. The bid for the Debtors' tangible assets requires the Trustee to hire the auctioneer company to conduct an auction of those assets.  That process is expected to take place over the next few months.

8.      Before the Petition Date, in the ordinary course of business of the Debtors' manufacturing process, the Debtors utilized the Molds that were provided under bailment, lease, or similar arrangements for third party customers in order for the Debtors to make parts ordered by customers.

9.      On July 12, 2024, the Trustee filed the *Chapter 7 Trustee's Motion for Order: (A) Approving Procedures for Return of Property Owned by Third Parties, and (B) Granting Related Relief* [Docket No. 18]  (the "Tooling Return Motion") to provide for procedures by which equipment and Molds owners could submit a demand to the Trustee for return of Molds or other equipment.  On July 24, 2024, the Court entered the *Order: (A) Approving Procedures for Return of Property Owned by Third Parties, and (B) Granting Related Relief* [Docket No. 30] (the "Tooling Return Order") providing for a deadline of August 19, 2024 for third party owners to submit a demand to the Trustee.  The Trustee has received many demands and has been conducting an organized return of Molds and other equipment under the Tooling Return Order over the last few months, and the Trustee has continued to honor demands well past the August 19, 2024 deadline in the Tooling Return Order, in his discretion.

10.     Given the impending auction and eventual vacating of the leased manufacturing facilities, the Trustee must make arrangements to abandon any Molds that have not been claimed by third parties.  Thus, the Trustee has determined that he does not need the Molds for administration of the estates and the Molds cannot be sold for value as they are not owned by the Debtors' estates.  The Trustee seeks to avoid any further storage costs and any potential unnecessary administrative expenses of the estates by obtaining authority to abandon and/or destroy the Molds, in his sole and absolute discretion.

## Relief Requested

11.     By this Motion, the Trustee seeks an order authorizing him, in exercise of his business judgment and in his sole and absolute discretion, to abandon and, as appropriate, discard or destroy the Molds, which are not necessary to the discharge of the Trustee's duties or to the continued administration of these estates.  The continued storage of the Molds constitutes a burden to the estates.

## Basis for Relief

12.     Section 554 of the Bankruptcy Code provides, in relevant part, that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).  In addition, section 363(b)(1) provides, in pertinent part:

> The trustee, after notice and a hearing, the trustee may use, sell, or lease, other than in the ordinary course of business, property of the estate.

11 U.S.C. § 363(b)(1).

13.     Moreover, the abandonment, destruction or other disposal of the Molds is also governed by Bankruptcy Rule 6007, which reads, in pertinent part, as follows:

> **Notice of Proposed Abandonment or Disposition; Objections; Hearing.** Unless otherwise directed by the court, the trustee or debtor in possession shall give notice of a proposed abandonment or disposition of property to the United States trustee, all creditors, indenture trustees and committees elected pursuant to § 705 or appointed pursuant to § 1102 of the Code. A party in interest may file and serve an objection within 15 days of the mailing of the notice, or within the time fixed by the court. If a timely objection is made, the court shall set a hearing on notice to the United States trustee and to the other entities as the court may direct.

Fed.R. Bankr. P. 6007.

14. Courts have held that "[t]he trustee's power to abandon property is discretionary." *In re Slack*, 290 B.R. 282, 284 (Bankr. D.N.J. 2003) (citations omitted). A trustee may abandon estate assets that are of "inconsequential value and benefit to the estate" or that are "burdensome to the estate." *In re Reich*, 54 B.R. 995, 1004 (Bankr. E.D. Mich. 1985); *see In re Contract Research Solutions, Inc.*, 2013 Bankr. LEXIS 1784, at *11-12 (Bankr. D. Del. May 1, 2013) (granting request to abandon personal property at leased location that, according to the debtors, was of negligible commercial value, storing it created a burden on the estate, and abandonment would pose no threat to public safety and would not contravene any law or regulation). The decision to abandon must merely reflect "business judgment made in good faith" that rests on a reasonable basis. *In re Cult Awareness Network, Inc.*, 205 B.R. 575, 579 (Bankr. N.D. Ill. 1997).

15. "Courts defer to the trustee's judgment and place the burden on the party opposing the abandonment to prove a benefit to the estate and an abuse of the trustee's discretion." *Id.* "The party opposing the abandonment must show some likely benefit to the estate, not mere speculation about possible scenarios in which there might be a benefit to the estate." *Id.* "The court only needs to find the trustee made: 1) a business judgment; 2) in good faith; 3) upon some reasonable basis; and 4) within the trustee's scope of authority." *Id.*

16. All of the conditions to abandonment are satisfied here for both the Molds. The Trustee does not anticipate any prejudice to any party in interest if the Molds are discarded or destroyed. The Trustee has already filed the Tooling Return Motion that covered any property owned by third parties, such as equipment or molds held at the Debtors' facilities for the benefit of third parties. Those third parties were served with the Tooling Return Motion and Tooling Return Order. The Tooling Return Order provided for a deadline of August 19, 2024 to notify the Trustee and provide ownership documents so the Trustee could coordinate return of the Molds. The Trustee has continued to honor any late requests from third parties for return of the Molds. However, the Trustee has now selected winning bids for the Debtors' assets and has hired an auctioneer to conduct an auction of the Debtors' tangible assets, with the goal of vacating the Debtors' leased manufacturing facilities at the end of December 2024 or early January 2025. Accordingly, the Trustee must make arrangements to abandon the Molds at the facilities to avoid storage costs or claims for damages and/or any costs of removal by the landlords.

17. The Trustee has determined that abandoning and discarding or destroying the Molds at this time makes the most economic sense and saves the estates from having to incur the continued unnecessary costs.

### Waiver of Bankruptcy Rule 6007

18. Among other things, Bankruptcy Rule 6007(a) requires that the Trustee serve a copy of this Motion, "[u]nless otherwise directed by the court" on "all creditors." Fed. R. Bank. Pro. 6007(a). The Debtors' creditor matrix collectively contains thousands of parties. Accordingly, serving the Motion upon all such parties would be unnecessarily burdensome and costly. The Trustee will serve a copy of this Motion on the parties in interest set forth below and, therefore, requests, to the extent required, a limited waiver of the service requirement set

forth in Rule 6007. The Trustee submits that the requested waiver is appropriate and will properly and timely effectuate notice to the real parties in interest.

### Notice

19. Notice of this Motion has been given to the following parties, or their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) the third party owners of equipment and Molds that were served with the Tooling Return Motion and Tooling Return Order; and (c) those persons who have requested notice pursuant to Bankruptcy Rule 2002. The Trustee submits that no other or further notice is necessary or required.

WHEREFORE, the Trustee respectfully requests that this Court (a) enter the proposed order attached to this Motion as **Exhibit A**, authorizing, but not directing, the Trustee to abandon and discard or destroy the Molds in his sole and absolute discretion, and (b) grant such other and further relief as this Court deems just and proper.

Dated: October 30, 2024

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: bsandler@pszjlaw.com
crobinson@pszjlaw.com
pkeane@pszjlaw.com

Counsel to Alfred T. Giuliano, Chapter 7 Trustee