**Exhibit 1**

**Stipulation**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| SHAPEWAYS, INC., *et al.*,[1] | Case No. 24-11488 (BLS) |
| Debtors. | (Jointly Administered) |

**STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND INDUSTRIAL GLOBE STREET, LLC REGARDING REJECTION OF LEASE**

This stipulation (the "Stipulation") is made and entered into by and among Alfred T. Giuliano, chapter 7 trustee (the "Trustee") for the estates of the above-captioned debtors (collectively, the "Debtors"), and Industrial Globe Street, LLC ("Landlord" and together with the Trustee, the "Parties").

**RECITALS**

WHEREAS, on July 2, 2024, (the "Petition Date") each of the Debtors filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Trustee was appointed as chapter 7 trustee in these cases on July 5, 2024.

WHEREAS, before the Petition Date, on March 2, 2024, Debtor Linear Mold & Engineering, LLC ("Linear") entered into the Lease with Industrial Globe Street, LLC (the "Landlord") entered into a commercial, non-residential lease agreement (the "Lease") for the premises commonly known as 12163 Globe Street, Livonia, Michigan 48150 (the "Leased Premises").

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: Shapeways, Inc. (0993); Shapeways Holdings, Inc. (6494); and Linear Mold & Engineering, LLC (8925).

WHEREAS, the Parties have negotiated this Stipulation in good faith and at arms' length.

WHEREAS, in consideration of the mutual covenants contained herein, it is stipulated and agreed among the Parties, subject to and conditioned upon approval of the Bankruptcy Court, as follows:

1. Pursuant to section 365 of the Bankruptcy Code, the Lease is rejected effective January 10, 2025 (the "Rejection Date").

2. The Trustee is authorized to abandon any personal property located at the Leased Premises free and clear of all liens, claims, encumbrances, interests, and rights of third parties.

3. Any personal property located at the Leased Premises is deemed abandoned, as of the Rejection Date free and clear of all liens, claims, encumbrances, interests, and rights of third parties. The counterparty to the Lease may dispose of such Personal Property in their sole and absolute discretion and without further notice or order of this Court without liability to the Trustee, the Debtors or third parties; provided, however, that nothing shall modify any requirement under applicable law with respect to the removal of any hazardous materials as defined under applicable law from the Leased Premises. The rights of the Landlord to assert claims with respect to such disposition of the abandoned property are reserved, as are all parties' rights to object to such claims.

4. The Trustee and the Landlord agree to the following: Within three (3) business days after entry of this Order, the Trustee shall remit pursuant to 11 U.S.C. § 365(d)(3) the aggregate agreed total amount of $25,000.00 to the Landlord via check or wire (with any instructions provided by the Landlord), which amount represents partial payment towards certain postpetition cleanup and repair costs and utilities related to the Leased Premises (collectively, the

"Clean-up Costs"). Any Clean-up Costs in excess of $25,000.00 shall be asserted as damages in connection with the rejection of the Lease.

5. The Trustee does not waive any claim that he may have against any counterparty to the Lease, whether or not such claims arise under, are related to the rejection of, or are independent of the Lease.

6. The Trustee reserves the estate's rights to assume, assign, or reject other executory contracts or unexpired leases, and nothing herein shall be deemed to affect such rights.

7. Nothing in this Stipulation is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Trustee's, Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (iv) an approval, assumption, or adoption of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

8. Nothing in this Stipulation shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any party.

9. Any proof of claim for damages in connection with the rejection of a Lease, if any, shall be filed on or before the date that is thirty (30) days after entry of this Order.

10. In executing this Stipulation, each of the Parties represents and warrants, for itself, that: (a) it does so with full knowledge of its available rights; (b) it is not relying and has not relied upon any representations made by any person with regard to this Stipulation, other than any written representations and agreements contained herein; (c) it has had available to it such information as it or its counsel considered necessary to making an informed judgment

concerning this Stipulation; and (d) it has conducted such investigation as it or its counsel deemed appropriate in connection with the matters that are the subject of this Stipulation.

11. Neither the Stipulation nor any negotiations and writings in connection with this Stipulation will in any way be construed as or deemed to be evidence of an admission on behalf of any party regarding any claim or right that such party may have against the other party.

12. The Parties represent and warrant to each other that the signatories to this Stipulation have the full power and authority to enter into this Stipulation.

13. The Parties shall cooperate with one another to seek Bankruptcy Court approval of this Stipulation, which shall be effective upon the Bankruptcy Court's entry of an order approving this Stipulation.

14. This Stipulation may be executed in identical counterparts, each of which when so executed and delivered will constitute an original, but all of which taken together will constitute one and the same instrument. The exchange of copies of this Stipulation and of signature pages by facsimile transmission or by other electronic transmission of a manual signature (by portable data format (PDF) or other method that enables the recipient to reproduce a copy of the manual signature) will constitute effective execution and delivery of this Stipulation as to the Parties and may be used in lieu of the original Stipulation for all purposes.

15. The Bankruptcy Court will retain jurisdiction to resolve any disputes or controversies arising from or relating to the interpretation of this Stipulation.

[Signature Page Follows]

WHEREFORE, the undersigned have executed this Stipulation on behalf of the Parties hereto.

Dated: February 3, 2025

| | |
|---|---|
| **PACHULSKI STANG ZIEHL & JONES LLP** | **SCHAFER & WEINER, PLLC** |
| | */s/ John J. Stockdale, Jr.* |
| */s/ Peter J. Keane* | John J. Stockdale, Jr. |
| Bradford J. Sandler (DE Bar No. 4142) | 40950 Woodward Ave., Ste. 100 |
| Peter J. Keane (DE Bar No. 5503) | Bloomfield Hills, MI 48304 |
| Brooke E. Wilson (CA Bar No. 354614) | Office: (248) 540-3340 |
| 919 North Market Street, 17th Floor | Direct Fax   (248) 971-1531 |
| P.O. Box 8705 | Email  jstockdale@schaferandweiner.com |
| Wilmington, DE 19899-8705 (Courier 19801) | |
| Telephone:  (302) 652-4100 | *Counsel to Industrial Globe Street, LLC* |
| Facsimile:  (302) 652-4400 | |
| Email:  bsandler@pszjlaw.com | |
|            pkeane@pszjlaw.com | |
|            bwilson@pszjlaw.com | |
| | |
| *Counsel to Alfred T. Giuliano, Chapter 7 Trustee* | |