**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| SHAPEWAYS, INC., *et al.*,[1] | Case No. 24-11488 (BLS) |
| Debtors. | Jointly Administered |

**Hearing Date: April 8, 2026, at 9:30 a.m. (ET)**
**Objection Deadline: March 30, 2026, at 4:00 p.m. (ET)**

**CHAPTER 7 TRUSTEE'S FOURTH MOTION FOR ORDER**
**(A) ENLARGING THE PERIOD WITHIN WHICH THE TRUSTEE**
**MAY REMOVE ACTIONS AND (B) GRANTING RELATED RELIEF**

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), hereby files this fourth motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**: (a) enlarging the period within which the Trustee may remove actions pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") by one hundred eighty-two (182) days, from March 30, 2026, through and including September 28, 2026, without prejudice to the Trustee's right to seek additional extensions; and (b) granting related relief.  In support of this Motion, the Trustee respectfully represents as follows:

**Jurisdiction and Venue**

1.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended*

---

[1]   The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Shapeways, Inc. (0993); Shapeways Holdings, Inc. (6494); and Linear Mold & Engineering, LLC (8925).

*Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Trustee confirms his consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief sought herein are section 1452 of title 28 of the United States Code (the "Judicial Code"), Bankruptcy Rules 9006 and 9027, and Local Rule 9006-2.

### Background

4.      On July 2, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (the "Cases"). The Trustee was appointed in these cases on July 5, 2024. The chapter 7 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

5.      On September 20, 2024, the Trustee filed the *Chapter 7 Trustee's Motion for Order (A) Enlarging the Period Within Which the Trustee May Remove Actions and (B) Granting Related Relief* [Docket No. 82], and on October 9, 2024, the Court entered the *Order (A) Enlarging the Period Within Which the Trustee May Remove Actions and (B) Granting Related Relief* [Docket No. 92], extending the removal deadline to March 31, 2025. On February 24, 2025, the Trustee filed the *Chapter 7 Trustee's Second Motion for Order (A) Enlarging the Period Within*

*Which the Trustee May Remove Actions and (B) Granting Related Relief* [Docket No. 149], and on March 10, 2025, the Court entered the *Order (A) Enlarging the Period Within Which the Trustee May Remove Actions and (B) Granting Related Relief* [Docket No. 153], further extending the removal deadline to September 29, 2025, the Trustee filed the *Chapter 7 Trustee's Third Motion for Order (A) Enlarging the Period Within Which the Trustee May Remove Actions and (B) Granting Related Relief* [Docket No. 174], and on October 3, 2025, the Court entered the *Order (A) Enlarging the Period Within Which the Trustee May Remove Actions and (B) Granting Related Relief* [Docket No. 180], further extending the removal deadline to March 30,2026.

### Relief Requested

6. The Trustee requests the entry of an order, pursuant to Bankruptcy Rule 9006(b), further extending the time by which he may file notices of removal with respect to civil actions pending as of the Petition Date for one hundred eighty-two (182) days, from March 30, 2026 through and including September 28, 2026 (the "Pre-Petition Removal Deadline"). Moreover, the Trustee requests the entry of an order extending the time by which he may file notices of removal with respect to civil actions initiated after the Petition Date to the later of: (i) September 28, 2026 and (ii) the time period specified in Bankruptcy Rule 9027(a)(3)(A) and (B) (*i.e.*, the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons) (the "Post-Petition Removal Deadline").

7. The Trustee requests that the Pre-Petition Removal Deadline apply to all matters specified in Bankruptcy Rule 9027(a)(2)(A), (B), and (C) and that the Post-Petition Removal Deadline apply to all matters specified in Rule 9027(a)(3)(A) and (B) (collectively, the

"Actions").  This Motion is without prejudice to the Trustee's right to seek further extensions of either or both of the Pre-Petition Removal Deadline and the Post-Petition Removal Deadline.

## The Actions

8.      Before the Petition Date, the Debtors were involved in Actions in a number of jurisdictions, and the Actions involve a variety of types of cases.  On the Petition Date, the Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules and Statements").  As part of the Schedules and Statements, certain Actions were listed.

9.      The Trustee is evaluating whether he may seek to remove any Actions. Certain proofs of claims may reveal additional Actions that were not listed in the Schedules and Statements.  The Trustee will continue to analyze the Actions to determine whether he will seek to remove any of them.  Consequently, the Trustee is not yet prepared to decide which Actions he will seek to remove.

## Basis for Relief

10.      Section 1452 of the Judicial Code and Bankruptcy Rule 9027 govern the removal of pending civil actions.  Specifically, Section 1452(a) of the Judicial Code provides that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a).  Bankruptcy Rule 9027(a)(2) further provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days

after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).  Bankruptcy Rule 9027(a)(3) provides, in pertinent part:

> If a claim or cause of action is asserted in another court after the commencement of a case under the Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

11.    Bankruptcy Rule 9006(b) provides that the court may extend unexpired time periods like the removal period:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(l).

12.    Bankruptcy courts are authorized to enlarge the removal period.  *See, e.g.*, *Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (noting that the Bankruptcy Rules permit extension of the removal period by court order); *Caperton v. A.T. Massey Coal Co.*, 251 B.R. 322, 325 (S.D. W. Va. 2000) (stating that Bankruptcy Rule 9006 provides authority to enlarge time periods for removing actions under Bankruptcy Rule 9027); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (observing that the period in which to remove actions may be expanded pursuant to Bankruptcy Rule 9006); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (stating that the United States Supreme Court intended to give bankruptcy judges the power to enlarge the filing periods under Bankruptcy Rule

9027(a) pursuant to Bankruptcy Rule 9006(b)); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) ("An expansion of time [to remove actions] is authorized under the [Bankruptcy] Rules.").

13.     Absent the relief requested herein, the removal period will otherwise expire on March 30, 2026.[2] The Trustee's decision regarding whether to seek removal of any particular Action depends on a number of factors, including:   (a) the importance of the Action to the expeditious resolution of these chapter 7 cases; (b) the time required to complete the Action in its current venue; (c) the presence of federal subject matter jurisdiction in the proceeding that may allow for one or more aspects thereof to be heard by a federal court; (d) the relationship between the Action and matters to be considered in connection with these chapter 7 cases and the claims allowance process; and (e) the progress made to date in the Action.   To make the appropriate determination, the Trustee must analyze each Action in light of such factors.

14.     Since the last extension order, the  Trustee has been focused on numerous critical matters, including, but not limited to: (a) analyzing potential chapter 5 causes of action and potential actions to recover accounts receivable; and (b) retaining special counsel to pursue chapter 5 causes of action and accounts receivable.

15.     The Trustee thus far has been unable to fully analyze each of the Actions, including any Actions that might be identified in claims filed by creditors in these chapter 7 cases, and the Trustee has been unable to make the appropriate determinations concerning the removal of such Actions.

---

[2]     The Trustee has filed this Motion before the expiration of the current removal period.  Pursuant to Local Rule 9006-2, "if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the [Bankruptcy] Code, the [Bankruptcy Rules], these Local Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order."  Del. Bankr. L.R. 9006-2.  Accordingly, Local Rule 9006-2 automatically extends the removal period pending the Court's hearing to consider this Motion.

16.     The Trustee believes the extension requested in this Motion will provide the Trustee with sufficient time to make well-informed decisions concerning the removal of the Actions and will ensure that the Trustee's rights provided by section 1452 of the Judicial Code can be exercised in an appropriate manner.  Alternately, if such an extension is not granted, the Trustee believes he may not have sufficient time properly to evaluate removal of the Actions.

17.     Moreover, the rights of parties to the Actions will not be unduly prejudiced by the requested extension.  If the Trustee ultimately seeks to remove Actions pursuant to Bankruptcy Rule 9027, parties will retain their rights to have such Actions remanded pursuant to section 1452(b) of the Judicial Code.  Moreover, inasmuch as section 362(a) of the Bankruptcy Code automatically stays actions against the Debtors, the Actions subject to removal will not be proceeding at this time in their respective courts with respect to the Debtors even absent the granting of the relief requested herein.  Accordingly, the Trustee submits that cause exists for granting the relief requested herein.

## Notice

18.     The Trustee will provide notice of this Motion to the following parties, or their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors; and (c) all parties requesting notice pursuant to Bankruptcy Rule 2002. The Trustee respectfully submits that no further notice is required.

WHEREFORE, the Trustee respectfully requests that the Court enter the proposed order, substantially in the form attached hereto as **Exhibit A**:  (a) granting the relief requested herein; and (b) granting such other and further relief as is just and proper.

Dated:  March 16, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Peter J. Keane (DE Bar No. 5503)
Brooke E. Wilson (CA Bar No. 354614)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email:     bsandler@pszjlaw.com
               pkeane@pszjlaw.com
               bwilson@pszjlaw.com

*Counsel to Alfred T. Giuliano, Chapter 7 Trustee*

4913-4122-6133.1 31274.00001

8