**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| SHAPEWAYS, INC., *et al.*,[1] | Case No. 24-11488 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 192** |

**SUPPLEMENTAL ORDER GRANTING APPLICATION OF CHAPTER 7 TRUSTEE**
**FOR AUTHORIZATION TO EXPAND SCOPE OF EMPLOYMENT AND RETENTION**
**OF STEVENS & LEE, P.C. AS SPECIAL COUNSEL TO CHAPTER 7 TRUSTEE,**
**EFFECTIVE AS OF FEBRUARY 6, 2026**

Upon consideration of the supplemental application (the "Supplemental Application")[2] of Alfred T. Giuliano, chapter 7 trustee (the "Trustee") for the estates of the above-captioned debtors (collectively, the "Debtors") in the above-captioned cases, seeking authorization to expand the scope of employment and retention of Stevens & Lee, P.C. ("Stevens & Lee" or the "Firm") as special counsel for the Trustee, effective as of February 6, 2026, to pursue, in addition to Avoidance Actions, Turnover Actions in these chapter 7 cases; and upon consideration of the Supplemental Manfrey Declaration, which was submitted concurrently with the Supplemental Application; and the Court being satisfied, based on the representations made in the Supplemental Application and the Supplemental Manfrey Declaration that Stevens & Lee does not represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the matters upon

---

[1]   The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Shapeways, Inc. (0993); Shapeways Holdings, Inc. (6494); and Linear Mold & Engineering, LLC (8925).

[2]   Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Supplemental Application.

which it is to be engaged, that Stevens & Lee is disinterested as that term is defined under section 101(14) of the Bankruptcy Code, and that the expansion of the scope of employment and retention of Stevens & Lee is necessary and in the best interests of the Debtors and the Debtors' estates; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Supplemental Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Trustee's notice of the Supplemental Application and opportunity for a hearing on the Supplemental Application were appropriate and no other notice need be provided; and the Court having reviewed the Supplemental Application; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Supplemental Application is GRANTED as set forth herein.

2. The Original Order is hereby supplemented as set forth herein.

3. The Trustee is hereby authorized to expand the scope of employment and retention of Stevens & Lee as special counsel pursuant to sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, effective as of February 6, 2026, under the terms set forth in the Supplemental Application, including the Turnover Action Contingency Fee Structure.

4.      In addition to the authorization under the Original Order, Stevens & Lee is also authorized to render professional services to the Trustee as described in the Supplemental Application and the Supplemental Manfrey Declaration.

5.      Stevens & Lee is permitted to apply to the Court on a quarterly basis for allowance and payment of compensation for the S&L Contingency Fees and reimbursement of the S&L Expenses by filing a short summary form statement that reflects:  (a) the amount of the earned S&L Contingency Fees for which Stevens & Lee is seeking allowance and payment and (b) the amount of the S&L Expenses to be reimbursed for which Stevens & Lee is seeking allowance and payment, along with a detailed and itemized list of such expenses.  Upon the entry of an order approving such a fee application, the Trustee will promptly pay to Stevens & Lee the allowed amounts of S&L Contingency Fees and S&L Expenses.  In addition to the foregoing, and at the appropriate time, Stevens & Lee will file a final fee application in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other procedures set by the Court.

6.      The Trustee and Stevens & Lee are authorized to take all actions necessary to implement the relief granted in this Supplemental Order.

7.      The terms and conditions of this Supplemental Order shall be immediately effective and enforceable upon its entry.

8.      This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Supplemental Order.

Dated: March 27th, 2026
Wilmington, Delaware

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

3