**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| SHAPEWAYS, INC., *et al.*,[1] | Case No. 24-11488 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 193** |

**FOURTH ORDER (A) ENLARGING THE PERIOD WITHIN WHICH THE**
**TRUSTEE MAY REMOVE ACTIONS AND (B) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), for entry of an order (this "Order"): (a) enlarging the removal period for filing notices of removal of Actions by one hundred eighty-two (182) days, through and including September 28, 2026, without prejudice to the Trustee's right to seek further extensions; and (b) granting related relief, all as more fully set forth in the Motion; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Shapeways, Inc. (0993); Shapeways Holdings, Inc. (6494); and Linear Mold & Engineering, LLC (8925).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4913-4122-6133.2 31274.00001

and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, creditors, and other parties in interest; and the Court having found that notice of and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The time period provided by Bankruptcy Rule 9027 within which the Trustee may file notices of removal of related proceedings under Bankruptcy Rule 9027(a)(2) is hereby enlarged and extended through and including September 28, 2026 (the "Pre-Petition Removal Deadline").

3. The Pre-Petition Removal Deadline applies to all matters specified in Bankruptcy Rule 9027(a)(2)(A), (B), and (C).

4. The time period provided by Bankruptcy Rule 9027 within which the Trustee may file notices of removal of related proceedings under Bankruptcy Rule 9027(a)(3) is hereby enlarged and extended to the later of:  (i) September 28, 2026 and (ii) the time period specified in Bankruptcy Rule 9027(a)(3)(A) and (B) (*i.e.*, the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons) (the "Post-Petition Removal Deadline").

2

4913-4122-6133.2 31274.00001

5.      The Post-Petition Removal Deadline applies to all matters specified in Bankruptcy Rule 9027(a)(3)(A) and (B).

6.      This Order shall be without prejudice to:  (a) any position the Trustee may take regarding whether section 362 of the Bankruptcy Code applies to any litigation pending against the Debtors, including but not limited to any of the Actions; or (b) the Trustee's right to seek further extensions of the time within which to file notices of removal of the Actions, or any other actions and related proceedings, upon motion filed with the Court.

7.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8.      The Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**

**Dated: April 2nd, 2026**
**Wilmington, Delaware**

3

4913-4122-6133.2 31274.00001