**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re | Chapter 7 |
| SHAPEWAYS, INC., *et al.*,[1] | Case No. 24-11488 (BLS) |
| Debtors. |  |
| ALFRED T. GIULIANO, Chapter 7 Trustee for the Estates of Shapeways, Inc., *et al.*, |  |
| Plaintiff, |  |
| v. | Adv. Pro. No. 26-_____ (BLS) |
| MICROSOFT ONLINE, INC., |  |
| Defendant. |  |

**COMPLAINT OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE**
**FOR THE ESTATES OF SHAPEWAYS, INC., ET AL.,**
**TO AVOID AND RECOVER TRANSFERS AND DISALLOW CLAIMS,**
**PURSUANT TO 11 U.S.C. §§ 502, 547, 548 AND 550**

Alfred T. Giuliano (the "Trustee"), Chapter 7 trustee for the estates of Shapeways, Inc. ("Shapeways"), Shapeways Holdings, Inc. ("Holdings") and Linear Mold & Engineering, LLC ("Linear Mold" and, collectively with Shapeways and Holdings, the "Debtors"), by and through his special counsel, Stevens & Lee, P.C., brings this Complaint (the "Complaint"), pursuant to Fed. R. Bankr. P. 7001, to avoid and recover transfers, pursuant to 11 U.S.C. §§ 547, 548, and 550 and to disallow any claims of the Defendant (defined below), pursuant to 11 U.S.C. § 502(d), based upon the following.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: Shapeways, Inc. (0993); Shapeways Holdings, Inc. (6494); and Linear Mold & Engineering, LLC (8925).

**JURISDICTION AND VENUE**

1.      This Court (the "Bankruptcy Court") has jurisdiction over this adversary proceeding, pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a) as a civil proceeding arising under Title 11 of the United States Code (the "Bankruptcy Code").

2.      This is a core proceeding as defined in 28 U.S.C. §§ 157(b)(2)(A), (F), (H) and (O). Venue  is proper in the District of Delaware pursuant to 28 U.S.C. § 1409(a), and this adversary proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to avoid and recover, pursuant to Sections 547, 548, and 550 of the Bankruptcy Code, certain preferential and/or fraudulent transfers that the Debtors made to Defendant (defined below); disallow any claims of the Defendant, pursuant to Section 502(d) of the Bankruptcy Code; and to recoup reasonable attorneys' fees and costs, pursuant to Bankruptcy Rule 7054.

**PARTIES AND BACKGROUND**

3.      Plaintiff Alfred T. Giuliano is the Trustee for the estates of the Debtors.

4.      Microsoft Online, Inc. ("Defendant") is, upon information and belief, a Nevada corporation with a principal place of business at 6880 Sierra Center Parkway, Building B, Reno, Nevada 89511 and a registered mailing address at c/o Corporation Service Company, Registered Agent, 112 North Curry Street, Carson City, Nevada 89703.

5.      On July 2, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court.

6.      On July 5, 2024, the Trustee was appointed by the Office of the United States Trustee to administer the Debtors' estates, which appointment remains in effect.

7.      On August 7, 2024, the Bankruptcy Court entered the *Order Authorizing Joint Administration of Related Chapter 7 Cases for Procedural Purposes Only* [Docket No. 46], pursuant to which the Debtors' Chapter 7 bankruptcy cases have been procedurally consolidated and are being jointly administered.

8.      Since the filing, the Trustee has been liquidating the Debtors' assets for the benefit of the estates and their creditors.

9.      In accordance with his duties under the Bankruptcy Code, the Trustee reviewed the Debtors' books and records and identified entities that received transfers or payments that were recoverable or subject to potential avoidance under Sections 547, 548, 549 and 550 of the Bankruptcy Code.

10.     After reviewing the Debtors' books and records, the Trustee determined that, within the ninety (90) days before the Petition Date (the "Preference Period"), Debtor Shapeways transferred to the Defendant funds in the total amount of at least $17,250.65 (the "Gross Transfers") as more specifically set forth below:

| Payment # | Payment Date | Clear Date | Payment Amount |
|---|---|---|---|
| 37134271 ACH | 04/03/2024 | 04/03/2024 | $5,795.24 |
| 37467560 ACH | 05/01/2024 | 05/01/2024 | $5,027.52 |
| 38084517 ACH | 06/20/2024 | 06/20/2024 | $6,427.89 |
| TOTAL | | | $17,250.65 |

11.     On or about December 16, 2025, the Trustee sent a demand letter (the "Demand Letter") to the Defendant, asserting claims to recover some or all of the Gross Transfers as preferential and/or fraudulent conveyance transfers.  The Demand Letter requested that the Defendant provide the Trustee any evidence it had to support any asserted affirmative defenses. On or about February 3, 2026, the Defendant responded to the Demand Letter.

12.     Based on the Trustee's reasonable due diligence, including considering any response to the Demand Letter and taking into account the Defendant's reasonably known affirmative defenses, the net amount of the Gross Transfers that are avoidable is $17,250.65 (the "Transfers").

## COUNT ONE

### (Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547)

13.     The Trustee repeats and re-alleges the allegations in all the preceding paragraphs of this Complaint.

14.     The Trustee and his professionals have conducted reasonable due diligence  and have reviewed the Debtors' bankruptcy schedules, statement of financial affairs, accounts payable ledger for the Preference Period, and the response, if any, by the Defendant to the Demand Letter.

15.     Based upon the Trustee's reasonable due diligence, and taking into account the Defendant's known or reasonably knowable affirmative defenses under Section 547(c) of the Bankruptcy Code, the Trustee has determined that the Transfers, in the net amount of $17,250.65, constitute preferential transfers avoidable pursuant to Section 547 of the Bankruptcy Code.

16.     Each of the Transfers was made, or caused to be made, to or for the benefit of the Defendant, a creditor of Debtor Shapeways.

17.     Each of the Transfers was made during the Preference Period.

18.     Each of the Transfers constituted a transfer of an interest in property of Debtor Shapeways.

19.     The bank account from which each Transfer was drawn was owned by Debtor Shapeways.

20.     The Transfers were made, or caused to be made, for or on account of one or more antecedent debts owed by Debtor Shapeways to the Defendant arising in the ordinary course of business.

21.     Debtor Shapeways was or is deemed to have been insolvent for purposes of Section 547(b) of the Bankruptcy Code when each of the Transfers was made.  The Trustee is entitled to rely on the presumption of insolvency for each Transfer  pursuant to Section 547(f) of the Bankruptcy Code.

22.     The Transfers enabled the Defendant to receive more than it would have received if: (i) the cases were under Chapter 7 of the Bankruptcy Code, (ii) the Transfers had not been made, and (iii) the Defendant received payment of the debt(s) relating to each such Transfer, to the extent provided by the provisions of the Bankruptcy Code.

23.     Based upon the foregoing, the Transfers constitute avoidable preferential transfers pursuant to Section 547(b) of the Bankruptcy Code.

WHEREFORE, the Trustee demands judgment against the Defendant:

(a)     avoiding the Transfers (plus the amount of any additional transfers of property of the Debtors to the Defendant during the Preference Period that discovery may reveal), pursuant to Section 547(b) of the Bankruptcy Code;

(b)     awarding the Trustee attorneys' fees and costs incurred in connection with this adversary proceeding; and

(c)     awarding the Trustee such other and further relief as may be just and proper.

## COUNT TWO

### (Avoidance of Transfers Pursuant To 11 U.S.C § 548(a))

24.     The Trustee repeats and re-alleges the allegations contained in all the preceding paragraphs of this Complaint.

25.     The Transfers were transfers of an interest in property of Debtor Shapeways.

26.     The Transfers were made within two (2) years prior to the Petition Date.

27.     The Transfers were made to or for the benefit of the Defendant.

28.     To the extent that one or more of the Transfers was not on account of an antecedent debt or was not prepayment for goods or services subsequently received, Debtor Shapeways received less than reasonably equivalent value in exchange for the Transfers.

29.     Debtor Shapeways (i) was or was deemed to be insolvent on the dates of the Transfers or became insolvent as a result of the Transfers; or (ii) was engaged in business or a transaction for which any property remaining with Debtor Shapeways was an unreasonably small amount of capital at the time of, or as a result of, the Transfers; or (iii) intended to incur, or believed that it would incur, debts beyond its ability to pay as such debts matured.

30.     Based upon the foregoing, the Transfers made by Debtor Shapeways to the Defendant constitute avoidable fraudulent transfers, pursuant to Section 548(a) of the Bankruptcy Code.

WHEREFORE, the Trustee demands judgment against the Defendant:

(a)     avoiding the Transfers (plus the amount of any additional transfers of property of the Debtors to the Defendant during the Preference Period that discovery may reveal), pursuant to Section 548(a) of the Bankruptcy Code;

(b)     directing the Defendant to turn over such funds to the Trustee;

(c)     awarding the Trustee attorneys' fees and costs incurred in connection with this adversary proceeding; and

(d)     awarding the Trustee such other and further relief as may be just and proper.

## COUNT THREE

### (Recovery of Avoided Transfers Pursuant To 11 U.S.C § 550)

31.     The Trustee repeats and re-alleges the allegations contained in all the preceding paragraphs of this Complaint.

32.     The Defendant was the initial transferee of the Transfers.

33.     The Defendant was the entity for whose benefit the Transfers were made.

34.     Pursuant to Sections 547(b) and 548 of the Bankruptcy Code, the Trustee may avoid the Transfers and, pursuant to Section 550(a) of the Bankruptcy Code, the Trustee may recover for the benefit of the estate of Debtor Shapeways the Transfers, or the value of the Transfers, from the Defendant.

WHEREFORE, the Trustee demands judgment against the Defendant:

(a)     directing the Defendant to immediately pay to the Trustee the value of the Transfers (plus the amount of any additional transfers of property of the Debtors to the Defendant during the Preference Period that discovery may reveal), together with pre-judgment and post-judgment interest, pursuant to Section 550 of the Bankruptcy Code;

(b)     awarding the Trustee attorneys' fees and costs incurred in connection with this adversary proceeding; and

(c)     awarding the Trustee such other and further relief as may be just and proper.

## COUNT FOUR

### (Disallowing, Barring, and Expunging the Defendant's<br>Claims Pursuant To 11 U.S.C § 502)

35.     The Trustee repeats and re-alleges all of the allegations contained in the preceding paragraphs.

36.     The Defendant is the transferee of the Transfers, which are avoidable and recoverable under Sections 547, 548, and 550 of the Bankruptcy Code.

37.     The Trustee has demanded repayment of the Transfers.

38.     The Defendant has failed and refused to turn over to the Trustee the value of the Transfers, or to otherwise repay the Transfers to the Trustee.

39.     Pursuant to Section 502(d), any claim of the Defendant against Debtor Shapeways must be disallowed until the Defendant pays to the Trustee the value of the Transfers.

40.     Pursuant to Section 502(d) of the Bankruptcy Code, the Trustee is entitled to entry of a judgment disallowing, barring, and expunging any claim(s) that the Defendant may hold against the Debtors.

WHEREFORE, the Trustee seeks judgment against the Defendant:

(a)     disallowing, barring, and expunging any claim(s), including those on the claims register, that the Defendant may hold against the Debtors, pursuant to Section 502(d) of the Bankruptcy Code;

(b)     awarding the Trustee attorneys' fees and costs incurred in connection with this adversary proceeding; and

(c)     awarding the Trustee such other and further relief as may be just and proper.

## COUNT FIVE

### (Attorneys' Fees – Bankruptcy Rule 7054)

41.     The Trustee repeats and re-alleges the allegations contained in all the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

42.     The Trustee has incurred significant legal fees and expenses to pursue these claims against the Defendant.

43.     The Trustee is entitled to reasonable attorneys' fees, pursuant to Bankruptcy Rule 7054.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Trustee demands judgment against the Defendant:

(a)     awarding the Trustee attorneys' fees and costs incurred in connection with this adversary proceeding, pursuant to Bankruptcy Rule 7054; and

(b)     awarding the Trustee such other and further relief as may be just and proper.

Dated: June 26, 2026
      Wilmington, Delaware

**STEVENS & LEE, P.C.**

*/s/ Gregory T. Donilon*
Gregory T. Donilon (No. 4244)
919 North Market Street, Suite 1300
Wilmington, DE 19801
Telephone: (302) 425-3311
Facsimile: (610) 371-7371
Email: gregory.donilon@stevenslee.com

-and-

Jason Manfrey
620 Freedom Business Center, Suite 200
King of Prussia, Pennsylvania 19406
Telephone (610) 205-6054
Facsimile (610) 371-7958
Email: jason.manfrey@stevenslee.com

*Special Counsel for Plaintiff Alfred T. Giuliano, Chapter 7 Trustee for the Estates of Shapeways, Inc., Shapeways Holding, Inc., and Linear Mold & Engineering, LLC*

-10-