**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br>SHAPEWAYS, INC., *et al.*,<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11488 (BLS)<br>(Jointly Administered) |
| ALFRED T. GIULIANO, Chapter 7 Trustee for the Estates of Shapeways, Inc., *et al.*,<br><br>Plaintiff,<br>v.<br><br>CONSUMERS ENERGY COMPANY,<br><br>Defendant. | Adv. Pro. No. 26-50547 (BLS)<br><br>**Hearing Date:**<br>**September 16, 2026 at 11:00 a.m. (ET)**<br>**Objections Due:**<br>**August 27, 2026 at 4:00 p.m. (ET)** |

**MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING THE SETTLEMENT OF THE AVOIDANCE CLAIM AGAINST CONSUMERS ENERGY COMPANY, PURUSANT TO FED. R. BANKR. P. 9019**

Alfred T. Giuliano (the "Trustee"), the Chapter 7 trustee for the estates of Shapeways, Inc. ("Shapeways"), Shapeways Holdings, Inc. ("Holdings") and Linear Mold & Engineering, LLC ("Linear Mold" and, collectively with Shapeways and Holdings, the "Debtors"), by and through his special counsel, Stevens & Lee, P.C., respectfully requests the entry of an Order approving the settlement of the avoidance claim against Consumers Energy Company (the "Defendant" and, together with the Trustee, the "Parties"), pursuant to Fed. R. Bankr. P. 9019 (the "Motion"). In support of the Motion, the Trustee respectfully represents as follows:

**JURISDICTION**

1. The Bankruptcy Court (as defined below) has jurisdiction over this Motion, pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Motion is proper in this district, pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief sought herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4. On July 2, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

5. On July 5, 2024, the Trustee was appointed by the Office of the United States Trustee (the "U.S. Trustee") to administer the Debtors' estates, which appointment remains in effect.

6. On August 7, 2024, the Bankruptcy Court entered the *Order Authorizing Joint Administration of Related Chapter 7 Cases for Procedural Purposes Only* [Docket No. 46], pursuant to which the Debtors' Chapter 7 bankruptcy cases have been procedurally consolidated and are being jointly administered.

7. In accordance with his duties under the Bankruptcy Code, the Trustee reviewed the Debtors' books and records and identified entities that received payments potentially avoidable under sections 547, 548, 549 and 550 of the Bankruptcy Code.

8. The Trustee has asserted a claim for the recovery of preference and/or fraudulent conveyance transfers against Defendant, in the net amount of $73,613.09 (collectively, the "Transfers"), pursuant to a certain demand letter (the "Demand Letter"), dated December 12, 2025 (the "Claim").

9. Since the sending of the Demand Letter, the Defendant informally contacted the Trustee's attorneys and asserted various defenses to the Claim.

10. On June 25, 2026, the Trustee filed a Complaint (the "Complaint") under sections 547, 548 and 550 of the Bankruptcy Code against Defendant in the Bankruptcy Court, thereby

commencing an adversary proceeding under Adv. Proc. No. 26-50547-BLS (the "Adversary Proceeding"), and asserting the Claim.

11. The Parties engaged in good-faith, arms-length negotiations to resolve the Claim. In order to settle and resolve the Claim without the need for incurring further litigation costs, the Parties have entered into a settlement agreement (the "Settlement Agreement"). A copy of the Settlement Agreement is attached as **Exhibit A** to the proposed form of Order submitted with the Motion.

12. A summary of the pertinent terms of the Settlement Agreement follows below:

a. ***Payment to the Trustee***. In full satisfaction of the Claim, the Defendant shall pay to the Trustee the sum of $21,640.03 (the "Payment") for the benefit of Linear Mold's estate. The Payment shall be made such that payment is received by the Trustee no later than fourteen (14) days from the execution date of the Settlement Agreement.

b. ***Mutual Releases***. Upon the Bankruptcy Court's approval of the Motion and the Trustee's receipt of the Payment, the Parties agree to release each other and their respective representatives, agents, and successors, from all causes of action relating to the Transfers under the Claim, including the Defendant's waiver of any right to file a proof of claim under Section 502(h) of the Bankruptcy Code.

## RELIEF REQUESTED

13. Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor. . . and to any other entity as the court may direct." Fed. R. Bankr. P. 9019(a); see also Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996).

14. The Trustee is obligated to maximize the value of the estates and to make his decisions in the best interests of all the creditors of the estates. Id. at 394. Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. Id. A trustee's showing of sound business justification need not be unduly exhaustive; instead, the trustee is "simply required to justify the proposed disposition with sound business reasons." In re Baldwin United Corp., 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984).

15. In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Bankruptcy Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Martin, 91 F.3d at 393. In striking this balance, courts should consider four factors: "(1) the probability of success in the litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." Id. (citation omitted).

16. The Trustee, through his professionals, and the Defendant engaged in good-faith, arms-length settlement negotiations in reaching the Settlement Agreement. In the Trustee's business judgment, the Settlement Agreement reached with the Defendant is in the best interests of the Debtors' estates and their creditors. Further, the Trustee submits that the four Martin factors weigh heavily in favor of approving the Settlement Agreement described above.

17. With respect to the first Martin factor, the Trustee and the Defendant each believe that their positions and defenses are legitimate and well-supported by the underlying facts and circumstances. Litigating claims and defenses under sections 547, 548, and 550 of the Bankruptcy Code requires in-depth factual analyses into the financial records of the relevant parties and their prior course of dealing. The success of one party can often hinge on the smallest of details. Given

the complexity and nuance involved, the outcomes of avoidance actions can be difficult to predict. While the Trustee and the Defendant each believe that they have a chance of succeeding should they proceed to trial, the Parties also recognize that it is uncertain, at best, if their arguments will prevail and that prolonged litigation would be costly and time-consuming.

18. With respect to collection difficulties, the Trustee does not believe that this factor is particularly relevant to evaluating the Settlement Agreement.

19. In terms of the complexity of litigation, and the expense, inconvenience, and delay necessarily attending it, as discussed in connection with the first Martin factor, the issues at stake in this case are complex and the underlying facts are susceptible to varying interpretations. Further, arguing for and defending against the Claim to conclusion would likely require additional discovery, expert testimony, detailed briefing, and travel expenses. As a result, the Parties could expect to incur significant litigation costs and expenses that not only would exceed the agreed-upon Payment, but also could easily exceed the entire value of the Claim itself. Given the amount at stake, the unpredictable nature of avoidance actions, and the likelihood of incurring excessive costs, the Parties believe that there is limited upside to pursuing litigation any further.

20. Lastly, given that approval of the Settlement Agreement guarantees a total recovery of $21,640.03 for Linear Mold's estate, the Trustee believes that, rather than pursuing costly litigation with speculative levels of success, approval is in the paramount interest of the creditors.

21. Because the four Martin factors weigh heavily in favor of settling the Claim, and because the Settlement Agreement is reasonable and supported by a sound business justification, the Settlement Agreement should be approved. The Trustee submits, in the exercise of his business judgment, the Settlement Agreement represents the most effective way to maximize value for the estate.

## NOTICE

22. Notice of this Motion has been provided to: (i) the U.S. Trustee; (ii) counsel for the Debtors; (iii) the Defendant; and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002. The Trustee submits that no further notice is required and requests that the Bankruptcy Court determine such notice is adequate and proper.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Bankruptcy Court enter an Order: (i) approving the Settlement Agreement with the Defendant, pursuant to Bankruptcy Rule 9019; and (ii) granting such other and further relief as the Bankruptcy Court deems appropriate.

Dated: August 6, 2026
Wilmington, Delaware

**STEVENS & LEE, P.C.**

*/s/ Gregory T. Donilon*
Gregory T. Donilon (No. 4244)
919 North Market Street, Suite 1300
Wilmington, DE 19801
Telephone: (302) 425-3311
Facsimile: (610) 371-7371
Email: gregory.donilon@stevenslee.com

-and-

Jason C. Manfrey
620 Freedom Business Center, Suite 200
King of Prussia, PA 19406
Telephone (610) 205-6054
Facsimile (610) 371-7958
Email: jason.manfrey@stevenslee.com

*Special Counsel for Alfred T. Giuliano, Chapter 7 Trustee for the Estates of Shapeways, Inc., Shapeways Holding, Inc., and Linear Mold & Engineering, LLC*